## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**DAVID WARREN HYDE and**
**MARY E. HYDE,**

      **Plaintiffs,**

      v.                                                      Case No.  05-2006-JWL

**BENICORP INSURANCE COMPANY**
**and TONY TORCHIA,**

      **Defendants.**

## MEMORANDUM AND ORDER

David Warren Hyde and Mary Hyde originally brought this suit in the District Court of Johnson County, Kansas against Benicorp Insurance Company ("Benicorp") alleging improprieties actionable under the Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and alleging professional negligence against Tony Torchia, relating to plaintiffs' health insurance plan.[1] Mr. Torchia and Benicorp removed the case to the United States District Court for the District of Kansas.

In Count I of their petition, plaintiffs state a claim for wrongful denial of benefits under ERISA § 502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B), against Benicorp, and plaintiffs, in Count II of their petition, state a claim for breach of fiduciary duty pursuant to ERISA § 502(a)(3), 29

---

[1] Because plaintiffs' suit was originally filed in Kansas state court, plaintiffs filed a petition, stating their claims against Benicorp and Mr. Torchia, which is the equivalent of a complaint in federal court.

U.S.C. 1132(a)(3), against Benicorp. This matter is currently before the court on Benicorp's motion to dismiss Count II of plaintiffs' petition pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] (Doc. # 8).

The court finds that ERISA § 502(a)(1)(B) provides plaintiffs with adequate remedies, as the court may determine benefits due and award them, order prejudgement interest for benefits due, reinstate benefits, and clarify future benefit rights. Because ERISA § 502(a)(1)(B) provides adequate relief for plaintiffs, equitable relief under ERISA § 502(a)(3) is not appropriate, and therefore, the court dismisses Count II of plaintiffs' petition.

**I.    Background**

In their petition, plaintiffs allege that they received insurance coverage as part of an employee benefit plan (the "plan") that Mr. Hyde's employer, Zephyr Products, Inc., sponsored. Zephyr Products contracted with Benicorp to provide the group health insurance coverage under the plan for its employees, and plaintiffs submitted their application for insurance to Benicorp on December 18, 2002. Mr. Hyde was diagnosed with prostate cancer in early 2003, and plaintiffs submitted claims for benefits to Benicorp for Mr. Hyde's treatment. In a letter dated July 21, 2003, Benicorp notified plaintiffs that it was rescinding

---

[2] Benicorp also seeks to dismiss any state law claims that plaintiffs may have asserted against Benicorp in Count II. Plaintiffs admit that they have not asserted any independent state law claims, so it is unnecessary for the court to analyze this issue.

2

their coverage due to alleged material misrepresentations that plaintiffs made on their application.

Plaintiffs brought suit against Benicorp in the District Court of Johnson County, Kansas under ERISA § 502(a)(1)(B) and ERISA § 502(a)(3), filing their petition on November 18, 2004. Tony Torchia and Benicorp removed the case to the United States District Court for the District of Kansas because federal courts have exclusive jurisdiction over ERISA claims except for those brought under ERISA § 502(a)(1)(B). *See* 29 U.S.C. § 1132(3)(1).

This matter is currently before the court on Benicorp's motion to dismiss plaintiffs claim brought under ERISA § 502(a)(3).

**II.    Standard**

The court will dismiss a cause of action for failure to state a claim only when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his [or her] claims which would entitle him [or her] to relief," *Aspenwood Investment Co. v. Martinez*, 355 F.3d 1256, 1259 (10th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)), or when an issue of law is dispositive. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed in favor of the plaintiff. *Adams v. Kinder-Morgan, Inc.,* 340 F.3d 1083, 1088 (10th Cir. 2003). The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

3

### III.   Analysis

In plaintiffs' petition, two claims are asserted against Benicorp. In Count I, plaintiffs seek recovery of wrongfully denied insurance benefits pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), and plaintiffs request that the court award them "[p]ayment of all of plaintiffs' unpaid health-care claims." In Count II, brought under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), plaintiffs allege that Benicorp, as claims administrator, is a fiduciary under 29 U.S.C. § 1104, and that Benicorp breached its fiduciary duty by retroactively rescinding plaintiffs' coverage in violation of 29 U.S.C. § 1182. As relief for this claim, plaintiffs request an "[a]n order permanently enjoining Benicorp from rescinding plaintiffs' health-care coverage" in violation of applicable law and "[a]n order requiring Benicorp to retroactively reinstate plaintiffs' health-care coverage under the terms and conditions originally agreed to and to pay all claims for benefits accruing during the period from January 1, 2003, to the present."

Benicorp asks the court to dismiss Count II of plaintiffs' petition, arguing that plaintiffs' seek the same remedy in Count II and in Count I, and therefore, the remedy sought in Count I is adequate to make plaintiffs whole. Benicorp asserts that since the remedy requested in Count I is adequate, the court must dismiss Count II as a matter of law.

ERISA § 502(a)(1)(B) provides that a participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." ERISA

§ 502(a)(3) states that a civil action may be brought by a participant, beneficiary, or fiduciary "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

However, a participant or beneficiary is not permitted to seek equitable relief under § 502(a)(3) if he or she has another adequate ERISA remedy available to him or her. *Moore v. Berg Inters., Inc.,* 1999 WL 1063823, at * 2 n. 2, 201 F.3d 448 (10th Cir. 1999) (citing *Varity Corp. v. Howe*, 516 U.S. 489 (1996)); *Arocho v. Goodyear Tire & Rubber Co.*, 88 F. Supp.2d 1175, 1185 (D. Kan. 2000).

Plaintiffs argue that a judgment in their favor only for their wrongful denial of benefits claim pursuant to ERISA § 502(a)(1)(B) is unable to make them whole because they seek separate and independent equitable relief that can only be pursued under ERISA § 502(a)(3). Specifically, plaintiffs state in their opposition to Benicorp's motion to dismiss that they seek "injunctive relief from the court to preclude Benicorp from violating applicable federal and state laws vis-à-vis plaintiffs as well as an order requiring Benicorp to retroactively reinstate its coverage to fully cover plaintiffs, pursuant to the original term of the applicable plan." Plaintiffs further argue that because they seek relief that is separate and distinct in nature, they are entitled to pursue a claim under § 502(a)(3).

In support of their argument, plaintiffs cite *Mohr v. Benicorp Insurance Co.*, 2002 WL 731684 (D. Neb., April 24, 2002), where Judge Bataillon held that the plaintiffs' claim under ERISA § 502(a)(1)(B) for monetary relief for wrongfully denied benefits did not preclude the

5

plaintiffs from bringing a claim under ERISA § 502(a)(3) for injunctive relief permanently enjoining the defendants from rescinding health insurance coverage in violation of ERISA and requiring the defendant to retroactively reinstate the plaintiff's coverage. This holding is based on Eight Circuit precedent that requires courts to allow two causes of action where the plaintiff is claiming relief that is different from the benefits due under the plan. *See Hall v. Lhaco, Inc.,* 140 F.3d 1190, 1197 (8th Cir. 1998) (allowing one claim for benefits and a second claim for injunctive relief and an accounting); *Wald v. Southwestern Bell Corp.,* 83 F.3d 1002, 1006 (8th Cir. 1996) (plaintiff sought no different relief under claim for benefits and claim for fiduciary breach, so cause of action not appropriate).

This court believes that the Tenth Circuit follows a different approach. First, it is clear that part of the remedy sought by plaintiffs here for the alleged breach of fiduciary duty is legal relief and not equitable relief, which is not available under ERISA § 502(a)(3), as plaintiffs ask for an order requiring Benicorp "to pay all claims for benefits accruing during the period from January 1, 2003 to the present." *See Zimmerman v. Sloss Equipment, Inc.*, 72 F.3d 822, 828 (10th Cir. 1995) (compensatory damages are not available under section 502(a)(3)(B); *see also Lefler v United Healthcare of Utah, Inc.*, 72 Fed. Appx. 818, 826, 2003 WL 21940936, at *6 (10th Cir. 2003) (claim brought under ERISA § 502(a)(3) was properly dismissed as a matter of law when ERISA § 502(a)(1)(B) provided adequate relief). The Supreme Court, in *Great-West & Annuity Insurance Company v. Knudson*, identified what constitutes "equitable relief" under ERISA § 502(a)(3)(B). 534 U.S. 204 (2003). The Supreme Court stated that "the term 'equitable relief' in section 502(a)(3) must refer to 'those categories of relief that were

6

typically available in equity.' " *Id.* at 210 (quoting *Mertens v. Hewitt Assocs.*, 508 U.S. 248 (1993)). Included are classic equitable remedies such as injunctive, restitution, and mandamus relief.[3] *Id.* at 211-215. The court explained that " '[a]lmost invariably ... suits seeking ... to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages,' as that phrase has traditionally been applied, since they seek no more than compensation for loss resulting from the defendant's breach of legal duty.' " *Id.* at 210 (quoting *Bowen v. Mass.*, 478 U.S. 879, 918-19 (1988) (Scalia, J., dissenting)). The court also noted that "money damages are, of course, the classic form of *legal* relief." *Id.* (quoting *Mertens*, 508 U.S. at 255) (emphasis in original). As it is clear that part of the relief sought by plaintiffs in Count II is legal relief, money damages, rather than equitable relief, this aspect of the prayer for relief cannot be obtained under ERISA § 502(a)(3) because ERISA § 502(a)(1)(B) offers plaintiffs adequate relief and therefore, equitable relief is inappropriate.

Second, the Tenth Circuit, unlike the Eight Circuit, has focused on the adequacy of the remedy available under ERISA § 502(a)(1)(B) rather than on the type of remedy sought under ERISA § 502(a)(3) when determining if a cause of action exists for equitable relief. *See Lefler*, 2003 WL 21940936, at *6; *Moore,* 1999 WL 1063823, at * 2 n. 2. Here, plaintiffs argue that they cannot be made whole without receiving injunctive relief precluding Benicorp from violating applicable federal and state laws vis-à-vis plaintiffs as well as an order requiring

---

[3] The *Great-West* court clarified that restitution is not exclusively an equitable remedy, finding that whether it is found equitable in a particular case, and therefore authorized by ERISA § 502(a)(3), depends on the nature of the restitution sought. 534 U.S. at 215.

Benicorp to retroactively reinstate its coverage to fully cover plaintiffs, pursuant to the original terms of the applicable plan.  The court does not agree.

ERISA § 502(a)(1)(B) gives plaintiffs adequate relief, as it provides that a participant or beneficiary may sue to recover benefits due, to enforce rights to future benefits or to clarify rights to future benefits.  Included within that authority is the power to determine benefits due and to award them.  *Johnson v. Dayco Products, Inc.*, 973 F. Supp. 1255, 1266 (D. Kan., 1997) (citing *Welsh v. Burlington Northern Inc. Employee Benefits Plan*, 54 F.3d 1131, 1340 (8th Cir. 1995).  If the court decides that benefits have been wrongfully denied the court may enter judgment for the amount of the benefits due with prejudgment interest for the unpaid sums from the date that they were due under the terms of the plan.  *See Frymire v. Ampex Corp.,* 61 F.3d 757, 773 (10th Cir. 1995).  The court may vacate a termination of benefits and order them reinstated.  *Johnson*, F. Supp. at 1266 (citing *Haplin v. W.W. Grainger*, 962 F.2d 685, 687 (7th Cir. 1992).  The court also is authorized to clarify the rights to future benefits under the terms of the plan.  ERISA § 502(a)(1)(B)**.**

Based upon the power granted to the court to award remedies per ERISA § 502(a)(1)(B), the court finds that this section provides plaintiffs adequate remedies because the court can both reinstate benefits and protect plaintiffs' rights to future benefits, and the court notes that this is not the type of case where equitable relief under ERISA § 502(a)(3) has traditionally been granted.  *See Administrative Comm. of the Wal-Mart Assocs.  Health and Welfare Plan v. Willard*, 393 F.3d 1119, 1123-24 (10th Cir. 2004) (equitable relief appropriate under ERISA where the plan sought to recover funds that were specifically

identifiable, belonging to the plan, and were in the possession and control of the beneficiary); *Martin v. Feilen*, 965 F.2d 660, 672-73 (8th Cir. 1992) (holding that district court properly entered a permanent injunction against the defendants because they repeatedly used their fiduciary control over the plan's assets to profit from self dealing); *Albanese v. Pfizer, Inc.*,1996 WL 225192, at *4 (D. Kan. Mar. 19, 1996) (citing *Anweiler v. American Electric Power Service Corp.*, 3 F.3d 986, 993 (7th Cir. 1993) (constructive trust over proceeds is remedy available in equity under § 502(a)(3)).

For the reasons set forth above, the court finds that equitable relief per ERISA § 502(a)(3) is not appropriate because ERISA § 502(a)(1)(B) provides plaintiffs adequate remedies, and therefore, the court grants Benicorp's motion to dismiss Count II of plaintiffs' petition.[4]

**IT IS THEREFORE ORDERED BY THE COURT** that Benicorp's motion to dismiss (Doc. # 8) is granted.

**IT IS FURTHER ORDERED** that plaintiffs are given until April 15, 2005 to move to file an amended complaint.

**IT IS SO ORDERED** this 29th day of March, 2005.

---

[4] The plaintiffs are given until April 15, 2005 to move to file an amended complaint for the sole purpose of requesting relief under § 502(a)(1)(B) which is currently sought under § 502(a)(3). *See* Fed. R. Civ. P. 15(a) (leave to amend shall be freely given when justice so requires, unless the amendment would be futile).

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

10