**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**DAVID WARREN HYDE and
MARY E. HYDE,**

      **Plaintiffs,**

      v.                                  Case No.  05-2006-JWL

**BENICORP INSURANCE COMPANY
and TONY TORCHIA,**

      **Defendants.**

**MEMORANDUM AND ORDER**

      In Count I of their amended complaint, Warren Hyde and Mary Hyde ("plaintiffs") brought suit against Benicorp Insurance Company ("Benicorp") seeking to recover for the wrongful denial of benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et. seq*., specifically, ERISA § 502 (a)(1)(B), 29 U.S.C. § 1132 (a)(1)(B).  As part of Count I, plaintiffs allege that when Benicorp retroactively rescinded plaintiffs' medical insurance coverage, creating a gap in heath care coverage, Benicorp violated Kansas law.  This matter is now before the court on Benicorp's motion to dismiss any state law claims asserted in plaintiffs' amended complaint (Doc. # 25).  The court denies Benicorp's motion as plaintiffs do not seek to recover on a cause of action arising under Kansas law.

**I.      Background**

In their amended complaint, plaintiffs allege that they received insurance coverage as part of an employee benefit plan (the "plan") that Mr. Hyde's employer, Zephyr Products, Inc., sponsored.  Zephyr Products contracted with Benicorp to provide the group health insurance coverage under the plan for its employees, and plaintiffs submitted their application for insurance to Benicorp on December 18, 2002.  Mr. Hyde was diagnosed with prostate cancer in early 2003, and plaintiffs submitted claims for benefits to Benicorp for Mr. Hyde's treatment.  In a letter dated July 21, 2003, Benicorp notified plaintiffs that it was retroactively rescinding their coverage due to alleged material misrepresentations that plaintiffs made on their application.

After having their claims denied and their coverage retroactively rescinded, plaintiffs brought suit.  In their amended complaint, plaintiffs bring one count against Benicorp for wrongful denial of benefits.  As part of that claim, plaintiffs allege that Benicorp violated Kansas law, and this matter is now before the court on Benicorp's motion to dismiss any state law claims asserted against it as they are preempted by ERISA.

**II.     Standard**

The court will dismiss a cause of action for failure to state a claim only when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his [or her] claims which would entitle him [or her] to relief," *Aspenwood Investment Co. v. Martinez*, 355 F.3d 1256, 1259 (10th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)), or when an issue of law is dispositive. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  The court

2

accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed in favor of the plaintiff. *Adams v. Kinder-Morgan, Inc.,* 340 F.3d 1083, 1088 (10th Cir. 2003). The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### III. Analysis

In Count I of their amended complaint, plaintiffs allege that when Benicorp retroactively rescinded plaintiffs' coverage, "Benicorp created a gap in insurable health care coverage, where no such gap previously existed, and essentially rendered plaintiffs uninsurable, in violation of Kansas law, which became part of the Benicorp policy." Benicorp moves to dismiss Count I to the extent that plaintiffs assert a state law claim against Benicorp relating to the denial of plaintiffs' benefits. Plaintiffs, however, state in their response in opposition to Benicorp's motion to dismiss that they have not asserted a state law claim, but instead that they allege that certain aspects of Kansas law became part of the policy that governed plaintiffs' benefit plan.

Section 502 of ERISA allows a participant or beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Plaintiffs allege that Warren Hyde, a participant, and Mary Hyde, a beneficiary, were wrongfully terminated under the terms of their health benefit plan, and they seek recovery

of benefits due for unpaid health care claims, to enforce the plan by having coverage reinstated, and to clarify their future rights to benefits. Clearly, plaintiffs' accusations set out a cause of action for wrongful denial of benefits under ERISA, so the court must deny Benicorp's motion to dismiss.

What has caused confusion in this case is that plaintiffs allege that aspects of Kansas law are incorporated into the health care benefit policy by operation of law and also the Benicorp plan terms. Plaintiffs do not assert a cause of action under Kansas law, and therefore, the doctrines of ERISA preemption an inapplicable. The court has not determined that plaintiffs' allegations are true, that Kansas law has been incorporated into the policy, but on a motion to dismiss the court must accept all well pled factual allegations as true. *See Adams,* 340 F.3d at1088. Benicorp also stresses that plaintiffs point to unidentified areas of Kansas law, but Benicorp will be able to explore plaintiffs' theory of the case during discovery. After possessing more information, should Benicorp wish to challenge this allegation, summary judgment may be an appropriate setting. *See Evolution, Inc. v. SunTrust Bank*, 342 F. Supp.2d 943 (D. Kan. 2004) (interpreting the terms of a contract as a matter of law on a motion for summary judgment).

4

**IT IS THEREFORE ORDERED BY THE COURT** that Benicorp's motion to dismiss (Doc. # 25) is denied.

**IT IS SO ORDERED** this 6th day of July, 2005.

                                                s/ John W. Lungstrum
                                                John W. Lungstrum
                                                United States District Judge