DJW/bh

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**DAVID WARREN HYDE, et al.,**

**Plaintiffs,**

**CIVIL ACTION**

**v.**

**No. 05-2006-JWL-DJW**

**BENICORP INSURANCE COMPANY, et al.,**

**Defendants.**

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Benicorp Insurance Company's Motion for Protective Order Limiting Discovery (doc. 35).  For the reasons set forth below, the motion will be granted in part and denied in part.

## I.    Background Facts

In Count I of their Amended Complaint, Plaintiffs assert a claim against Benicorp Insurance Company ("Benicorp") under section 502(a)(1)(B) of the Employment Retirement Security Act ("ERISA")[1] for wrongful denial of ERISA benefits.  Plaintiffs David and Mary Hyde are husband and wife who obtained health insurance coverage through an employee benefit plan ("Plan") sponsored by Mr. Hyde's employer.  Plaintiffs submitted their application for health insurance coverage to Benicorp on December 18, 2002.  Mr. Hyde was diagnosed with cancer in early 2003, and he submitted claims for medical benefits to Benicorp for his treatment.  In a letter dated July 21, 2003, Benicorp denied the claims

---

[1] 29 U.S.C. § 1132(a)(1)(B).

and notified Plaintiffs that their coverage was retroactively rescinded due to alleged material misrepresentations Plaintiffs made on their application.

## II.      Nature of the Matter Before the Court

During the course of discovery, Benicorp produced the administrative record to Plaintiffs, which Benicorp asserts contains all of the evidence relied upon by Benicorp in rendering its decision to deny Mr. Hyde's claims for medical benefits and to rescind Plaintiffs' coverage.  Benicorp states that, based upon Plaintiffs' representations in the Report of the Parties' Planning Conference, it anticipates Plaintiffs will seek discovery beyond the administrative record.  Benicorp indicates in its reply brief that since the filing of its motion, Plaintiffs have served requests for production on it, many of which Benicorp contend go beyond the bounds of what is discoverable.

Benicorp argues that the scope of admissibility of evidence dictates the scope of discovery in this case.  Benicorp asserts that it has discretionary authority under the Plan to deny benefits and rescind coverage, which renders its actions subject to review under the arbitrary and capricious standard.  It maintains that the district court's review is therefore limited to the following evidence: (1) the administrative record, and (2) the procedures Benicorp followed in making its benefits determination.  Consequently, Benicorp moves for a protective order that limits the discovery which Plaintiffs may conduct.  More specifically, Benicorp seeks a protective order "that precludes [Plaintiffs] from obtaining any additional discovery [i.e., any discovery in addition to the administrative record] from Benicorp concerning the merits of their claim and only permits limited discovery concerning the procedures that Benicorp followed in making its determination, including whether Benicorp obtained the necessary information for making its

determination, whether the person who assisted in compiling the record followed the proper procedures, and whether the record is complete."[2]

Plaintiffs assert that Benicorp's motion is procedurally improper to the extent it is not directed at any specific discovery that has been served on Benicorp. They maintain that a ruling as to the scope of discovery they may wish to pursue would be premature and inappropriate under Federal Rule of Civil Procedure 26(c). Plaintiffs therefore argue that the Motion for Protective Order should be denied as a procedural matter.

Plaintiffs argue in the alternative that the motion should be denied on its merits because Plaintiffs are entitled to much broader discovery than what Benicorp asserts. Plaintiffs contend that their claim is not subject to the deferential arbitrary and capricious standard of review, but rather a *de novo* standard of review. Plaintiffs maintain that a *de novo* standard applies because they have alleged Benicorp has a conflict of interest in that Benicorp is both the administrator and the payor of the Plan. Plaintiffs allege that the conflict of interest tainted Benicorp's determination to deny Mr. Hyde benefits and to rescind Plaintiff's insurance coverage. Plaintiffs also argue that the standard of review used at trial should not dictate the scope of discovery.

## III.   Applicable Law and Analysis

Federal Rule of Civil Procedure 26(c) provides that the court, upon a showing of good cause, "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The decision whether to enter a protective order rests within

---

[2]Benicorp's Mot. for Protective Order Limiting Disc. (doc. 35) at p. 3.

the sound discretion of the court.[3]   The party seeking the protective order has the burden to show good

cause for requesting it.[4]   Thus, in this case, Benicorp has the burden of demonstrating good cause for the

requested protective order.

In order to determine whether good cause exists for the protective order, the court must first

determine the proper scope of discovery.  The scope of discovery is generally governed by Federal Rule

of Civil Procedure 26(b), which provides:  "Parties may obtain discovery regarding any matter, not

privileged, that is relevant to the claim or defense of any party. . . .  Relevant information need not be

admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible

evidence."

This relevancy rule has been modified somewhat in wrongful denial of ERISA benefits cases.

Although there are few published opinions ruling on the scope of discovery in ERISA cases, those that have

examined the scope of discovery "generally hold that the scope of discovery must be viewed in light of the

---

[3]*Thomas v. Int'l Bus. Machs.,* 48 F.3d 478, 482 (10th Cir. 1995).

[4]*Sentry Ins. v. Shivers*, 164 F.R.D. 255, 256 (D. Kan. 1996).

evidence that is admissible in ERISA cases.'[5]  Consequently, a party in a wrongful denial of benefits case is entitled to request a protective order to preclude discovery into areas that are not admissible.[6]

To determine what evidence is admissible, the Court must turn to ERISA law and the standard of review in ERISA cases.  ERISA provides a detailed and comprehensive set of federal regulations governing the provision of benefits to employees by their employers, including health insurance benefits.[7]  ERISA gives a plan beneficiary the right to federal court review of benefit denials and terminations.[8]  ERISA, however, does not establish a standard of review to guide the Court's decisions.[9]

In *Firestone Tire & Rubber Co. v. Bruch*,[10] the Supreme Court established the basic framework for determining the standard of review in ERISA cases that challenge the denial or termination of benefits

---

[5]*Hawkins v. Arctic Slope Reg'l Corp.*, 344 F. Supp. 2d 1331, 1337 (M.D. Fla. 2002) (citing *Zack v. Hartford Life & Accident Ins. Co.,* No. 01-2430-JAR, 2002 WL 538851, at *7, 27 Emp. Benefits Cas. 3006 (D. Kan. Mar. 20, 2002)). *Accord Galm v. Eaton Corp,* 360 F. Supp. 2d 978, 982 (N.D. Ia 2005) ("the scope of discovery in an ERISA case such as this must be viewed in the light of the evidence that is admissible in ERISA cases."); *Fitts v. Fed. Nat'l Mortgage Assoc.*, 204 F.R.D. 1, 4 (D.D.C. 2001) ("The scope of discovery is understandably a function of whether or not review is limited to the review of [the administrative] record . . . .  The scope of discovery in ERISA cases permitted is simply not the same as the discovery permitted by Fed. R. Civ. P. 26(c).").

[6]*See Zack,* 2002 WL 538851, at *7 (defendant is entitled to request protective order to limit discovery in ERISA case); *Caldwell v. Life Ins. Co. of N. Am.*, 165 F.R.D. 633, 637 (D. Kan. 1996) (ruling in ERISA case that a defendant is entitled to request a protective order to preclude any inquiry into areas that are "outside the record on the merits of plaintiff's claim for benefits").

[7]*Hall v. Unum Life Ins. Co. of Am.*, 300 F.3d 1197, 1200 (10th Cir. 2002).

[8]*See* 29 U.S.C. § 1132(a).

[9]*Chambers v. Family Health Plan Corp.*, 100 F.3d 818, 824- 25 (10th Cir.1996).

[10]489 U.S. 101 (1989).

under 29 U.S.C. § 1132(a)(1)(B).  The Court held that "a denial of benefits challenged under section 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan."[11] If discretionary authority exists, then the proper standard of review is "abuse of discretion."[12]

The Tenth Circuit in *Hall v. Unum Life Insurance Co. of America*,[13] made it clear that a court's review of denial of benefits under the abuse of discretion (or arbitrary and capricious)[14] standard is *limited to the administrative record*.  The *Hall* Court stated:  "This Circuit, along with the majority of other federal courts of appeals, has held that in reviewing a plan administrator's decision for abuse of discretion, the federal courts are limited to the 'administrative record'—the materials compiled by the administrator in the course of making his decision."[15]

The Tenth Circuit has also held that when reviewing a plan administrator's decision *de novo,* the court should "ordinarily" restrict its review to the administrative record, but may allow the record to be

---

[11]*Id*. at 115.

[12]*Id.*

[13]300 F.3d 1197 (10th Cir. 2002).

[14]The Tenth Circuit treats the terms "arbitrary and capricious" and "abuse of discretion" as interchangeable in the ERISA context.  *Fought v. UNUM Life Ins. Co. of Am.*, 357 F.3d. 1173, 1181 n.2 (10th Cir. 2004).

[15]*Hall,* 300 F.3d at 1201 (citing *Sandoval v. Aetna Life & Cas. Ins. Co.*, 967 F.2d 377, 380-81 (10th Cir.1992); *Woolsey v. Marion Labs., Inc*., 934 F.2d 1452, 1460 (10th Cir. 1991); *Miller v. United Welfare Fund,* 72 F.3d 1066, 1071 (2d Cir. 1995) (compiling cases and stating that "[m]ost circuits have declared that, in reviewing decisions of plan fiduciaries under the arbitrary and capricious standard, district courts may consider only the evidence that the fiduciaries themselves considered")).

supplemented "when circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision."

With this law in mind, the Court must determine what standard of review will be applied to this case. Benicorp asserts that the Plan gives it discretionary authority to determine eligibility for benefits. In support of this assertion, Benicorp states that the policy provides as follows:

[Benicorp] shall have full, final and conclusive discretionary authority to determine all questions and issues regarding the administration and interpretation of the Policy. This discretionary authority shall include, but is not limited to:

1.   The determination of eligibility for benefits;
2.   The interpretation of Policy terms;
3.   The determination of any of the claimant's interests or rights under the Policy; and
4.   The determination of factual matters relating to the exercise of discretionary authority.[16]

Benicorp maintains that because it had discretionary authority to determine Plaintiffs' eligibility for benefits, the abuse of discretion standard of review applies to this case. Thus, Benicorp argues that (1) review at trial will be limited to the administrative record, and (2) discovery should be limited to the administrative record and to the narrow issue of what procedures Benicorp followed in making its benefits determination.

Plaintiffs do not dispute that these provisions granting Benicorp discretionary authority are part of the Plan, nor do they deny that Benicorp possesses discretionary authority with respect to denying claims and coverage under the Plan. Plaintiffs instead argue that the standard of review is simply irrelevant and that the scope of discovery should be much broader than what evidence the Court will review at trial. As

---

[16]Benicorp's Brief in Supp. of Mot. for Protective Order Limiting Disc. (doc. 36) at p. 3.

noted above, Plaintiffs also argue that a Rule 26(c) motion is premature and inappropriate, and that Benicorp should not be allowed a blanket order to protect against discovery that has yet to be specifically requested.

The Court disagrees and finds no persuasive authority for Plaintiffs' positions. Several cases from this jurisdiction have entered Rule 26(c) motions for protective order to limit the scope of discovery in ERISA wrongful denial of benefits claims.[17]  Moreover, the fact that the protective order was filed in anticipation of certain discovery being requested should not defeat Benicorp's motion.  It is clear from Plaintiffs' opposition to the motion that Plaintiffs intend to conduct discovery outside of the administrative record, and many of the requests for production that they served after the filing of the motion clearly seek documents outside of the administrative record.  Thus, the Court rejects Plaintiffs' arguments that a protective order would be premature and procedurally improper.

The Court also rejects Plaintiffs' argument that the standard of review is irrelevant to the Court's determination of the proper scope of discovery.  The standard of review that will be applied at trial clearly

---

[17]*See, e.g.*, *Panther v. Syntheses (U.S.A.)*, 371 F. Supp. 2d 1267, 1276 (D. Kan. 2005) (granting motion for protective order limiting discovery to administrative record); *Ridge v. Prudential Ins. Co. of Am.,* 1992 WL 279762, at *2 (D. Kan. Sept. 18, 1992) (granting motion for protective order limiting deposition testimony to information that was made available to the plan administrator in making its decision).  *See also Zack*, 2002 WL 538851, at *7-9 (denying motion for protective order for failure to assert good cause, but recognizing appropriateness of a motion for protective order in the context of ERISA wrongful denial of benefits claims).

sets the parameters for discovery.[18]  As noted above, the scope of discovery must be viewed in light of the scope of evidence that is admissible in determining whether the claim for benefits was wrongfully denied.[19]

Plaintiffs also argue that discovery should not be limited to the administrative record because they claim Benicorp has a conflict of interest, in that Benicorp is both the administrator and the payor.  Plaintiffs allege in their Amended Complaint that "Benicorp's claims determination was irreparably influenced by its inherent conflict of interest, as payor and claim administrator.  This conflict . . . resulted in serious procedural irregularities and an ultimate breach of Benicorp's fiduciary duty."[20]

The Tenth Circuit recently addressed the standard of review when a plaintiff claims such a conflict of interest.  In *Hall*, *supra*, the plaintiff argued that because the payor and administrator of her benefit plan were the same entity, the district court should have heard evidence beyond the administrative record.[21]  The Tenth Circuit rejected the plaintiff's argument, but first noted that "[i]t is true that, in the context of arbitrary and capricious review under ERISA, we have held that where a party is both the administrator and payor or insurer of a disability plan 'an inherent conflict exists' such that our review is less deferential."[22]  The

---

[18]*See Hawkins v. Arctic Slope Reg'l Corp.*, 344 F. Supp. 2d 1331, 1337 (M.D. Fla. 2002) (citing *Zack v. Hartford Life & Accident Ins. Co.,* No. 01-2430-JAR, 2002 WL 538851, at *7, 27 Emp. Benefits Cas. 3006 (D. Kan. Mar. 20, 2002) (scope of discovery must be viewed in light of the scope of evidence that is admissible in ERISA cases)).

[19]*See* discussion, *supra*, pp. 4-5 and notes 5 & 6.

[20]Second Amended Compl., ¶ 16.

[21]*Hall*, 300 F.3d at 1205.

[22]*Id.* (citing *Caldwell v. Life Ins. Co. of N. Am.*, 287 F.3d 12176, 1283 (10th Cir. 2002)).  *See also Firestone*, 489 U.S. at 155 ("[I]f a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a factor in determining whether (continued...)

court recognized, however, that it does not automatically follow that evidence beyond the administrative record must be considered when a conflict of interest is alleged.  The court explained:

> The administrator and the payor are often the same party for many ERISA benefit plans. If we were to adopt a blanket rule that the admission of additional evidence should be allowed whenever the same party is the administrator and payor, then it will not be the unusual case in which additional evidence is admitted.  It would be commonplace. Moreover, *in the context of arbitrary and capricious review,* we only reduce our deference to the administrator's decision to the extent that an actual conflict is shown—a "sliding scale" approach—which allows us to calibrate the reduced deference to the level of actual conflict that exists.  Similarly, in the context of admitting additional evidence based on a possible conflict of interest, evidence should only be admitted to the extent that the party seeking its admission can show that it is relevant to the conflict of interest and that the conflict of interest in fact requires the admission of the evidence.  That way the district court can calibrate the admission of additional evidence to the amount of conflict of interest that actually existed and to the manner in which that conflict tainted the decisionmaking process of the administrator.[23]

Thus, under the Tenth Circuit's decision in *Hall,* the mere allegation that the defendant has a conflict of interest because it is both payor and administrator does not require the trial court to consider evidence outside the administrative record nor does it require *de novo* review.  The party seeking to introduce additional evidence has the burden to show how such additional evidence is relevant to demonstrate the amount of conflict and the manner in which that conflict tainted the administrator's decision-making.  In other words, the party must establish why the district court should exercise its discretion to admit any particular evidence beyond the record and how it is necessary to the court's review.[24]

---

[22](...continued)
there is an abuse of discretion.").

[23]*Id*. at 1205-06 (citations omitted) (emphasis added).

[24]*Panther*, 371 F. Supp. 2d at 1274.

Here, Plaintiffs have made no showing as to how any particular evidence outside the administrative record would demonstrate the degree of conflict, address any shortcoming in the record, or show how the decision-making process was tainted by the alleged conflict.  Plaintiffs do, however, argue that several of the requests for production they served after the Motion for Protective Order was filed pertain to the alleged conflict of interest.  Request No. 17 seeks Benicorp's financial statements from 2002 through the present, and Requests No. 24-29 seek documents pertaining to other claims that Benicorp has denied and other instances where Benicorp has rescinded coverage based upon alleged misrepresentations.  Plaintiffs argue that Request No. 17 is relevant to show "the financial incentive and motivations of Benicorp by improperly denying benefits properly payable to claimants, including plaintiffs."[25]  Plaintiffs assert that Requests No. 24-29 may lead to the discovery of admissible evidence showing that Benicorp follows "an arbitrary and illegal policy of adjudicating valid claims in order to further its own pecuniary interests."[26]

As the party who will be seeking to supplement the administrative record, Plaintiffs bear the burden of establishing how the particular pieces of evidence outside the record are necessary to the court's review.[27]  Plaintiffs, however, are not required to satisfy this burden *at this point in time*.  Plaintiffs must be allowed to engage in some limited discovery to seek evidence to support their claim of conflict.  As one court has noted, "[t]o determine whether these alleged conflicts of interest will bear fruit and ripen into

---

[25]Pls.' Sur-Reply (doc. 51) at p. 4.

[26]*Id*. at 5.

[27]*See Hall*, 300 F.3d at 1203.

proof of actual conflicts of interest, plaintiffs are entitled to some limited discovery to seek probative evidence to support their allegations.'[28]

The Court finds that Plaintiffs have sufficiently raised the issue of conflict of interest so as to allow them to seek discovery relevant to the alleged conflict.  Accordingly, the Court will allow Plaintiffs to conduct discovery related to the limited issue of Benicorp's alleged conflict of interest, i.e., its dual role as administrator and payor and how that claimed conflict affected its decision-making process and its determination to deny Plaintiffs' claims and rescind their coverage.

In light of the above, the Court will grant in part and deny in part Benicorp's Motion for Protective Order.  Plaintiffs' discovery in this case shall be limited to the following:  (1) the administrative record; (2) the procedures that Benicorp followed in making its determination to deny Plaintiffs' claims for benefits and rescind their coverage, including whether Benicorp obtained the necessary information for making its determination, whether the person(s) who assisted in compiling the record followed the proper procedures, and whether the record is complete;[29] and (3) the limited issue of Benicorp's alleged conflict of interest,

_____

[28]*Hensley v. Northwest Permanente Ret. Plan & Trust*, 5 F. Supp. 2d 887, 890-92 (D.Ore.1998). *Accord Galm v. Eaton Corp,* 360 F. Supp. 2d 978, 986 (N.D. Ia.) (inquiry into whether conflict of interest affected the decision of plan administrator is fact specific, ERISA plaintiffs must have some opportunity to conduct discovery related to such allegations); *Pulliam v. Continental Cas. Co.*, No. Civ. A. 02-0370 (RWRAK), 2003 WL 1085939, at *3, 29 Emp. Benefits Cas. 2704 (D.D.C. Jan. 24, 2003) (plaintiffs are entitled to pursue limited discovery on conflict of interest issue to enable them to prove conflict at trial).

[29]The Court questions whether such evidence would be admissible and/or discoverable in light of the Tenth Circuit's decision in *Hall,* which, as noted above, held that review is generally limited to the administrative record when the standard of review is abuse of discretion.  *See Hall*, 300 F.3d at 1201. The Court, however, need not address this particular issue, as Benicorp has  agreed to allow Plaintiffs to conduct discovery into the procedures that Benicorp followed in making its determination.

12

i.e., discovery related to its dual role of administrator and payor and how that affected its decision-making

process and determination to deny Plaintiffs' claims for benefits and rescind their coverage.

Applying this general framework to the requests for production at issue, the Court makes the

following rulings. Benicorp's Motion for Protective Order will be denied as to Request Nos. 17 and 24-

29, as the Court finds those requests may lead to the discovery of admissible evidence relating to

Benicorp's alleged conflict of interest. The motion will be granted as to Request No. 8 (which seeks the

underwriting file for the group policy issued to Plaintiffs' employer), Request No. 35 (which seeks all files

maintained by Benicorp that relate to Mr. Hyde's employer), Request No. 37 (which seeks all documents

generated by Benicorp that pertain to the employer's application for insurance with Benicorp), and Request

No. 38 (which seeks Benicorp's advertising materials). It will also be granted as to Requests No. 13 and

21 (which seek Benicorp's application to transact insurance business within the state of Kansas). All of

these requests seek materials that are outside the administrative record, that do not relate to the procedures

followed by Benicorp in making its determination, and that do not relate to the alleged conflict of interest.

Finally, the Motion for Protective Order will be denied with respect to Request No. 5, although

for reasons unrelated to the arguments that have been made regarding the scope of discovery in an ERISA

case. Request No. 5 seeks all insurance agreements that will indemnify Benicorp, in whole or in part,

against any judgment Plaintiffs may obtain in this action. This request tracks the language of Federal Rule

of Civil Procedure 26(a)(1)(D), which requires a party to provide for inspection and copying "any

insurance agreement under which any person carrying on an insurance business may be liable to satisfy part

or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made

to satisfy the judgment."[30]   The Court can find no case law lifting this disclosure requirement merely because the case arises under ERISA.  As these insurance agreements are required to be disclosed pursuant to Rule 26(a)(1)(D), Benicorp should produce them.

IT IS THEREFORE ORDERED that Defendant Benicorp Insurance Company's Motion for Protective Order Limiting Discovery (doc. 35) is granted in part and denied in part as set forth herein.

IT IS FURTHER ORDERED that each party shall bear its own expenses and fees incurred in connection with this motion.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 20th day of October 2005.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:    All counsel and *pro se* parties

---

[30]Fed. R. Civ. P. 26(a)(1)(D).